U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Jun 05 - 2026**
John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | |
| | ) | Case No.    1:26-mj- 129  (PJE) |
| SHAMIK MILEY | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of May 27, 2026 in the county of Saratoga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), 841(b)(1)(C) | Distribution of a Controlled Substance (Cocaine) |

This criminal complaint is based on these facts:
**See attached affidavit, incorporated by reference.**

☒     Continued on the attached sheet.

_____
*Complainant's signature*
DEA TFO Richard Arpei
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 5, 2026
_____
*Judge's signature*

City and State:    Albany, New York
Hon. Paul J. Evangelista, U.S. Magistrate Judge
_____
*Printed name and title*

**<u>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT</u>**

I, Richard Arpei, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.　　I am an Investigator with the Saratoga Springs Police Department (SSPD) and have been employed as a police officer since 2002. I have been assigned to the SSPD Special Investigations Unit since March 2009, primarily responsible for conducting drug-related investigations within the jurisdiction of the City of Saratoga Springs. In January 2012, I was assigned to the Drug Enforcement Administration (DEA) Capital District Drug Enforcement Task Force and deputized as a federal Task Force Officer. In that capacity, I am assigned to the DEA New York Field Division, Albany District Office. As a DEA Task Force Officer, I am authorized to seek and arrest federal arrest warrants for Title 21 criminal offenses, including the offense described in this affidavit.

2.　　I have participated in many investigations involving drugs to include marijuana, hashish, cocaine, heroin, fentanyl, psilocybin, lysergic acid diethyl, anabolic steroids, bath salts, synthetic marijuana, ecstasy (MDMA), crystal methamphetamine and prescription medications, and involving violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846. This includes my work as an undercover police officer and acting as a back-up team member during undercover drug investigations; conducting surveillance of drug dealers; debriefing confidential sources and other cooperating individuals who have knowledge pertinent to drug investigations; discussions with other police officers regarding intelligence about drug activity; and reviewing information provided through law enforcement channels.

3.　　The statements contained in this affidavit are based upon my investigation and the investigation of other law enforcement officials, and on my experience and training as a DEA Task

Force Officer.  Any statements described herein reflect the sum and substance of what was said. As this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that Shamik Miley has violated 21 U.S.C. § 841(a)(1) and (b)(1)(C).

### BASIS FOR PROBABLE CAUSE

4.    In or around March 2026, the Saratoga Springs Police Department (SSPD) received information from a Saratoga Springs confidential informant (CI) that an individual known to them as Shamik Miley was distributing cocaine in and around Saratoga Springs, Saratoga County, New York.

5.    On or about May 27, 2026, the CI contacted Miley via text message requesting to meet Miley at a specific location in Saratoga Springs, New York, Saratoga County, in the Northern District of New York.  Later that day, the CI met with law enforcement officials, who searched the CI for contraband with negative results, provided the CI with audio and video recording equipment, and pre-recorded US currency.  Once at the meeting location, Miley met with the CI in Miley's vehicle.  The CI provided Miley with the pre-recorded money and, in return, Miley gave the CI a clear plastic bag containing a white powdery substance.  Miley and the CI then had a brief conversation before the CI exited the vehicle.  Following the transaction, the CI met with law enforcement officials, where the CI turned over the suspected cocaine that was purchased from Miley.  The suspected cocaine field tested positive for cocaine and weighed approximately 27.2 grams, inclusive of packaging.  The CI was again searched for contraband with negative results.

6.    Based on the foregoing, I submit that probable cause exists to believe that Miley has violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of a controlled substance.

Specifically, there is probable cause to believe that on or about May 27, 2026, Shamik Miley distributed a mixture or substance containing cocaine to a CI in Saratoga County. I respectfully request that a criminal complaint be issued.

Richard Arpei
Task Force Officer
Drug Enforcement Administration

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that on June 5, 2026, this affidavit was attested to by the affiant via Microsoft Teams in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
United States Magistrate Judge

3